IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

RONALD KNAPP,

Plaintiff,

v.

ER SOLUTIONS, INC.,

Defendant.

---

## NOTICE OF REMOVAL

---

Defendant ER Solutions, Inc., through its undersigned counsel, submits this Notice of Removal of this matter to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1441.

1.      Plaintiff's complaint was served on defendant on or about June 23, 2011.  The complaint was filed in District Court, Denver County, styled Ronald Knapp v. ER Solutions, Inc., case no. 2011-cv-4385.  Plaintiff's complaint invokes the remedies available under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 et seq.  (Complaint, ¶ 1.)  Plaintiff claims defendant violated the TCPA and FDCPA when it allegedly engaged in the following acts: contacted plaintiff on his cellular telephone in order to collect a debt from plaintiff, threatened to report the debt on plaintiff's credit report, called plaintiff before 8:00 a.m., and placed telephone calls to plaintiff without first providing plaintiff with a "verification" of his debt.  (Complaint, ¶¶ 13-17, 20-25.)  Plaintiff claims he is entitled to no less than $11,000 in statutory damages pursuant to the TCPA, no less than $33,000 for defendant's alleged willful and knowing violations of the

TCPA, and $1,000 in statutory damages plus attorney's fees and costs pursuant to the FDCPA. (Complaint, ¶¶ 18-19, 28.)

2.     This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b).

3.     "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Except as otherwise expressly provided by act of Congress, any civil action brought in the state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the District Court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).

4.     This matter may be removed from the state court because this Court has original jurisdiction over claims arising under the FDCPA, which is a law of the United States.  Further, the FDCPA provides "[a]n action to enforce any liability [created by this subchapter or under this title] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction."  15 U.S.C. § 1692k(d).

5.     This Court also has original jurisdiction because the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005) (A claim under state law can give rise to federal question jurisdiction if it "appears from the [complaint] that the right to

relief depends upon the construction or application of [federal law].").  The claims set forth in the instant complaint arise under laws of the United States because the claims necessarily depend on the remedies available under 15 U.S.C. § 1692 et seq.

6.      To the extent any state law claims are alleged, this Court also has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  *See* 28 U.S.C. § 1367(a) ("[The court has] supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

7.      The District Court, Denver County is located within the District of Colorado.  28 U.S.C. § 84(a).  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391.

8.      Pursuant to 28 U.S.C. § 1446(d) and D.C. Colo. LR 81.1, notice of removal has been sent to all other parties in this action and has been filed with the state court clerk's office. No hearings are currently scheduled in the state court matter.  Pursuant to D.C. Colo. LR 81.1, defendant has attached to this notice as Exhibit A a copy of the current docket sheet (register of actions) and copies of all process, motions, and pleadings filed in the state court action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9.     Defendant will serve its responsive pleading to the complaint within seven (7) days after filing this petition for removal, pursuant to Fed. R. Civ. P. 81(c) and 6(a), or such subsequent time as set by stipulation of the parties or order of the Court.

DATED this the 13th day of July, 2011.

GORDON & REES, LLP

/s/ Craig J. Mariam
Craig J. Mariam
John D. Keen
370 Seventeenth St., Suite 4450
Denver, CO 80202
Phone: 303-534-5160
cmariam@gordonrees.com
jkeen@gordonrees.com
Attorneys for defendant ER Solutions, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this the 13th day of July, 2011 addressed to:

Matthew R. Osborne, Esq.          [*Also served via United States postal mail*]
Matthew R. Osborne PC
2055 S. Oneida Street, Suite 370
Denver, Colorado 80224
matthewosbornelaw@gmail.com

/s/ Craig J. Mariam
Craig J. Mariam
John D. Keen
Gordon & Rees LLP
370 Seventeenth Street, Suite 4450
Denver, Colorado 80202
Telephone: (303) 534-5160
cmariam@gordonrees.com
jkeen@gordonrees.com
*Attorneys for Defendant ER Solutions, Inc.*

# Exhibit A

| District Court, Denver County, Colorado<br>Court Address:<br>1437 Bannock Street<br>Denver, Colorado | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Jun 20 2011 2:46PM MDT<br>Filing ID: 38241996<br>Review Clerk: Leanne Youn Galanti |
|---|---|
| Plaintiff: Ronald Knapp | ▲ **COURT USE ONLY** ▲ |
| v. | Case Number: |
| Defendant: ER Solutions, Inc | Division:          Courtroom: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT: ER Solutions, Inc**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 20 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 30 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: 6-20-2011

s/ Matthew R. Osborne
Matthew R. Osborne PC
Matthew R. Osborne #40835
2055 S. Oneida St, Ste 370
Denver, CO 80224
Phone Number: 303.759.7018
E-mail: matthewosbornelaw@gmail.com
FAX Number: 720.210.9870

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

JDF 600   R12/07   DISTRICT COURT CIVIL SUMMONS

| District Court Denver County, Colorado<br>Court Address:<br>1437 Bannock St<br>Denver, Colorado | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Jun 20 2011 2:46PM MDT<br>Filing ID: 38241996<br>Review Clerk: Leanne Youn Galanti |
|---|---|
| Plaintiff:  Ronald Knapp<br>and<br>Defendant:  ER Solutions, Inc | ▲                              ▲<br><br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br>Matthew R. Osborne PC<br>Matthew R. Osborne #40835<br>2055 S. Oneida St, Ste 370<br>Denver, CO 80224<br>Phone Number: 303.759.7018<br>E-mail: matthewosbornelaw@gmail.com<br>FAX Number:  720.210.9870 | Case Number:<br><br><br>Division            Courtroom |
| **COMPLAINT** ||

## JURISDICTION

1.  This Court has jurisdiction to hear this matter pursuant to 47 U.S.C. 227 and 15 U.S.C. 1692, et seq.

2.  Venue is appropriate in Colorado because the Plaintiff resides in this state and the Defendant has a registered agent in Denver, Colorado.

## PARTIES

3.  Plaintiff Ronald Knapp is an individual consumer who resides in Colorado.

4.  Defendant, ER Solutions, Inc, is a Washington corporation with its principal place of business located at 800 SW 39th St., Renton, WA 98055.

5.  Defendant is a "debt collector" as that term is defined in the FDCPA because it regularly attempts to collect debts allegedly due another through the use of the mails and telephones in interstate commerce.

## FACTUAL ALLEGATIONS

6.  Plaintiff's wife incurred a credit card debt with First Premier Bank which was used for her own personal use.

7.  Plaintiff's wife was unable to make payments on the First Premier Bank card.

8.  On information and belief, First Premier Bank or its assignees, hired Defendant to collect the debt from Plaintiff.

9.  Plaintiff denies being liable for the First Premier Bank card and instead recalls being an authorized user.

10. On September 20, 2010, Defendant sent Plaintiff a letter as required by 15 U.S.C. 1692g which falsely identified the creditor as "Arrow Financial Services LLC" in spite of the fact that the alleged "creditor" is actually First Premier Bank.

11. On September 28, 2010, Plaintiff sent the Defendant a "verification request" via certified mail, which was delivered to the Defendant on October 4, 2010 at 7:41 am.

12. Defendant never responded to the Plaintiff's verification request.

## COUNT I, TELEPHONE CONSUMER PROTECTION ACT (TCPA)

13. Within the past year, Defendant began calling the Plaintiff's cellular phone numerous times with an automatic dialer in order to collect the debt from Plaintiff.

14. Defendant used an "automatic dialer" as contemplated by the TCPA to call the Plaintiff's cellular phone number at the following dates:

   a. September 22, 2010
   b. March 12, 2011 (two times)
   c. March 17, 2011
   d. March 24, 2011
   e. March 31, 2011
   f. April 5, 2011
   g. April 9, 2011
   h. April 12, 2011
   i. April 21, 2011
   j. April 27, 2011

k.  April 28, 2011
l.  May 5, 2011
m.  May 12, 2011
n.  May 13, 2011
o.  May 20, 2011 (two times)
p.  May 24, 2011 (four times)
q.  May 25, 2011

15. At no time was the Plaintiff's cellular phone number listed on Plaintiff's wife's credit application with First Premier Bank.

16. On information and belief, Defendant obtained Plaintiff's cellular phone number through the use of a skip tracer.

17. Defendant's actions of using an automatic dialer to call the Plaintiff on the aforesaid dates was willful, intentional, and performed with full knowledge that Defendant was using an automatic dialing system.

18. As a result of Defendant's 22 violations of the TCPA, Defendant is liable to Plaintiff for $500 per call in statutory damages or no less than $11,000.

19. As a result of Defendant's willful and knowing violations of the TCPA, Defendant is liable to Plaintiff for treble damages of $1500 per call, or no less than $33,000.

## COUNT II, FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

20. Defendant's violations of the TCPA also constitute per se unfair and deceptive practices under 15 U.S.C. 1692e and 1692f and violate the FDCPA.

21. Defendant violated the FDCPA by threatening to report the debt on Plaintiff's credit report in September 2010 and at no time did Defendant ever furnish information to a credit reporting agency concerning the Plaintiff.

22. Defendant violated the FDCPA by informing the Plaintiff in September 2010 that the debt could be reported on his credit report for up to 10 years, which would violate the Fair Credit Reporting Act.

23. Defendant's representation in the preceding paragraph was false and designed to intimidate Plaintiff into paying the debt.

24. Defendant violated the FDCPA by calling the Plaintiff before 8:00am on March 12, 2011; April 9, 2011; April 28, 2011, May 5, 2011; May 12, 2011.

25. Defendant violated the FDCPA 21 times by making 21 telephone calls after October 4, 2010 without first providing Plaintiff with "verification" of the debt as required by 15 U.S.C. 1692g.

26. On information and belief, Defendant possesses a "collection log" which contains each and every contact the Defendant made to the Plaintiff.

27. On information and belief, Plaintiff alleges that Defendant recorded the September 2010 phone call that took place between the parties.

28. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for $1,000 in statutory damages, plus reasonable attorney fees and costs.

WHEREFORE, the Plaintiff prays for the following court order:

   a.  Awarding maximum statutory damages of $33,000 under the TCPA;
   b.  Awarding statutory damages of $1,000 pursuant to the FDCPA;
   c.  Awarding reasonable attorney fees and litigation costs pursuant to 15 U.S.C. 1692k;

s/ Matthew R. Osborne
Attorney for Plaintiff.

me

| District Court Denver County, Colorado<br>Court Address:<br>1437 Bannock St<br>Denver, Colorado<br><br>Plaintiff(s): Ronald Knapp<br><br>v.<br><br>Defendant(s): ER Solutions, Inc | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Jun 20 2011  2:46PM MDT<br>Filing ID: 38241996<br>Review Clerk: Leonor Vasquez-Gabriel<br>▲COURT USE ONLY▲ |
|---|---|
| Attorney for Plaintiff:<br>Matthew R. Osborne PC, Matthew R. Osborne #40835<br>2055 S. Oneida St, Ste 370, Denver, CO 80224<br>Phone Number: 303.759.7018<br>E-mail: matthewosbornelaw@gmail.com<br>FAX Number:  720.210.9870 | Case Number:<br>▲                    ▲<br><br>Division        Courtroom |

### DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT

1.  This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case.  It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2.  Check the boxes applicable to this case.

    ☒Simplified Procedure under C.R.C.P. 16.1 **applies** to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

    ☐Simplified Procedure under C.R.C.P. 16.1, **does not apply** to this case because (check one box below identifying why 16.1 does not apply):

    ☐This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding,
    **or**

    ☐This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)),
    **or**

    ☐Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3.  ☐This party makes a **Jury Demand** at this time and pays the requisite fee.  See C.R.C.P. 38.  (Checking this box is optional.)

Date: 06/20/2011

s/ Matthew R. Osborne
Signature Attorney for Party

### NOTICE
✓ This cover sheet must be filed in all District Court Civil (CV) Cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.
✓ This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.
✓ This cover sheet shall not be considered a pleading for purposes of C.R.C.P. 11.