## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-01826-RPM-KMT

RONALD KNAPP,
      Plaintiff,

v.

ER SOLUTIONS, INC.,
      Defendant.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### JURISDICTION

1. This Court has jurisdiction to hear the Plaintiff's Fair Debt Collection Practices Act (FDCPA) claim pursuant to 28 U.S.C. 1331 and 15 U.S.C. 1692, *et seq*.

2. This Court has supplemental jurisdiction to hear the Plaintiff's Telephone Consumer Protection Act (TCPA) claim pursuant to 28 U.S.C. 1367 and 47 U.S.C. 227, et seq.

3. Venue is appropriate in Colorado because the Plaintiff resides in this state and the Defendant has a registered agent in Denver, Colorado.

### PARTIES

4. Plaintiff Ronald Knapp is an individual consumer who resides in Colorado.

5. Defendant, ER Solutions, Inc, is a Washington corporation with its principal place of business located at 800 SW 39th St., Renton, WA 98055.

6. Defendant is a "debt collector" as that term is defined in the FDCPA because it regularly attempts to collect debts allegedly due another through the use of the mails and telephones in interstate commerce.

### FACTUAL ALLEGATIONS

7. Plaintiff's wife incurred a credit card debt with First Premier Bank which was used for her own personal use.

8. Plaintiff's wife was unable to make payments on the First Premier Bank card.

9.  On information and belief, First Premier Bank or its assignees, hired Defendant to collect the debt from Plaintiff.

10. Plaintiff denies being liable for the First Premier Bank card and instead recalls being an authorized user.

11. On September 20, 2010, Defendant sent Plaintiff a letter as required by 15 U.S.C. 1692g which falsely identified the creditor as "Arrow Financial Services LLC" in spite of the fact that the alleged "creditor" is actually First Premier Bank.

12. On September 28, 2010, Plaintiff sent the Defendant a "verification request" via certified mail, which was delivered to the Defendant on October 4, 2010 at 7:41 am.

13. Defendant never responded to the Plaintiff's verification request.

### COUNT I, TELEPHONE CONSUMER PROTECTION ACT (TCPA)

14. Within the past year, Defendant began calling the Plaintiff's cellular phone numerous times with an automatic dialer in order to collect the debt from Plaintiff.

15. Defendant used an "automatic dialer" as contemplated by the TCPA to call the Plaintiff's cellular phone number at the following dates:

a.  September 22, 2010
b.  March 12, 2011 (two times)
c.  March 17, 2011
d.  March 24, 2011
e.  March 31, 2011
f.  April 5, 2011
g.  April 9, 2011
h.  April 12, 2011
i.  April 21, 2011
j.  April 27, 2011
k.  April 28, 2011
l.  May 5, 2011
m.  May 12, 2011
n.  May 13, 2011
o.  May 20, 2011 (two times)
p.  May 24, 2011 (four times)
q.  May 25, 2011

16. At no time was the Plaintiff's cellular phone number listed on Plaintiff's wife's credit application with First Premier Bank.

17. On information and belief, Defendant obtained Plaintiff's cellular phone number through the use of a skip tracer.

18. Defendant's actions of using an automatic dialer to call the Plaintiff on the aforesaid dates was willful, intentional, and performed with full knowledge that Defendant was using an automatic dialing system.

19. As a result of Defendant's 22 violations of the TCPA, Defendant is liable to Plaintiff for $500 per call in statutory damages or no less than $11,000.

20. As a result of Defendant's willful and knowing violations of the TCPA, Defendant is liable to Plaintiff for treble damages of $1500 per call, or no less than $33,000.

## COUNT II, FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

21. Defendant's violations of the TCPA also constitute per se unfair and deceptive practices under 15 U.S.C. 1692e and 1692f and violate the FDCPA.

22. Defendant violated the FDCPA by threatening to report the debt on Plaintiff's credit report in September 2010 and at no time did Defendant ever furnish information to a credit reporting agency concerning the Plaintiff.

23. Defendant violated the FDCPA by informing the Plaintiff in September 2010 that the debt could be reported on his credit report for up to 10 years, which would violate the Fair Credit Reporting Act.

24. Defendant's representation in the preceding paragraph was false and designed to intimidate Plaintiff into paying the debt.

25. Defendant violated the FDCPA 21 times by making 21 telephone calls after October 4, 2010 without first providing Plaintiff with "verification" of the debt as required by 15 U.S.C. 1692g.

26. On information and belief, Defendant possesses a "collection log" which contains each and every contact the Defendant made to the Plaintiff.

27. On information and belief, Plaintiff alleges that Defendant recorded the September 2010 phone call that took place between the parties.

28. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for $1,000 in statutory damages, plus reasonable attorney fees and costs.

WHEREFORE, the Plaintiff prays for the following court order:

a. Awarding maximum statutory damages of $33,000 under the TCPA;
b. Awarding statutory damages of $1,000 pursuant to the FDCPA;
c. Awarding reasonable attorney fees and litigation costs pursuant to 15 U.S.C. 1692k;

s/ Matthew R. Osborne #40835
Matthew R. Osborne PC
2055 S. Oneida St, Ste 370
Denver, CO 80224
(303) 759-7018
Matthewosbornelaw@gmail.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**CERTIFICATE OF SERVICE**

I certify that on 7/14/2011, I filed a true and correct copy of the Plaintiff's First Amended Complaint via the CM/ECF filing system, which will automatically send notice to the following:

John D. Keen jkeen@gordonrees.com

Craig J. Mariam cmariam@gordonrees.com

s/ Matthew R. Osborne